UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID AHMADI,<br><br>         Plaintiff,<br><br>v.<br><br>MERCEDES BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>         Defendant. | Case No.: 19CV435-GPC(KSC)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**<br><br>**[Dkt. No. 17.]** |

Before the Court is Plaintiff's counsel's motion to withdraw as counsel. (Dkt. No. 17.) Defendant filed an opposition. (Dkt. No. 19.) A telephonic hearing was held on March 20, 2020. (Dkt. No. 24.) At the hearing, Plaintiff appeared as well as his counsel Larry Sidiropoulos, Esq. and Matthew Rogers, Esq. appeared on behalf of Defendant. Based on the reasoning below, the Court GRANTS the motion to withdraw as Plaintiff's counsel.

**Discussion**

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand*

*v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively or breaches an agreement as to expenses or fees. Cal. R. Prof. Conduct 3-700(C).

Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

Local Civil R. 83.3(f)(3). Plaintiff's counsel has filed a declaration indicating the motion was mailed to Plaintiff and informed opposing counsel of the withdrawal. (Dkt. No. 17-2, Sidiropoulos Decl. ¶¶ 14, 15.) According to Plaintiff's counsel, communications have broken down with Plaintiff to the point where it is no longer possible for the Sidiropoulos Law Firm, APC to continue to effectively represent Plaintiff's interest in the case. Plaintiff refuses to comply with the advice of counsel concerning this litigation and unwilling to comply with terms of the retainer agreement by failing to pay for expert costs. (*Id.* ¶¶ 3-6, 9, 11.) Moreover, around September 2019, Plaintiff agreed that he no longer wanted Plaintiff's counsel to represent him. (*Id.* ¶ 13.) Plaintiff's counsel also argues there will be no prejudice as all evidence have been preserved, the case is less than

2

thirteen months old and there is sufficient time for Plaintiff to secure new counsel to become familiar with the case. Finally, withdrawal would not cause any harm to the administration of justice and would not cause substantial delay in the case. Finally, Plaintiff's counsel seeks to stay the action for 90 days in order for Plaintiff to secure new counsel.

Defendant does not oppose the withdrawal of counsel but objects to Plaintiff's counsel's representation that defense counsel is amenable to extending the deadline for fact discovery. Defense counsel is amenable to an extension of time of the expert discovery deadline but not the fact discovery deadline.[1]

Based on the factors outlined above, the Court finds that withdrawal of Plaintiff's counsel should be granted as Plaintiff has indicated he does not want the Sidiropoulos Law Firm, APC representing him and Plaintiff has made it "unreasonably difficult for counsel to carry out his employment effectively." Therefore, withdrawal of counsel is granted.

**Conclusion**

Based on the above, the Court GRANTS the motion to withdraw as counsel for Plaintiff. Plaintiff is granted 60 days to retain counsel. The Court sets a status conference on **May 22, 2020 at 1:30 p.m.** in Courtroom 2D. The Court further stays any remaining deadlines in the case by **60 days.**

IT IS SO ORDERED.

Dated: March 20, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] On March 9, 2020, Magistrate Judge Crawford extended fact discovery until April 1, 2020 for the sole purpose of completing Plaintiff's Rule 35 medical examination. (Dkt. No. 21.) On March 11, 2020, the Magistrate Judge granted the parties' joint motion to extend expert discovery deadlines. (Dkt. No. 22.)

3

19CV435-GPC(KSC)